IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT ROCK GUNN,

        Plaintiff,

    v.                  CASE NO. 10-3218-SAC

DR. SANJAY KHICHA, et al.,

        Defendants.

## O R D E R

This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Norton Correctional Facility, Norton, Kansas. Plaintiff has also filed a Motion to Proceed Without Prepayment of Fees. Plaintiff names as defendants: St. Francis Via Christie Hospital (SFCH); Dr. Sanjay Khicha, Surgical Specialist, P.A., SFCH; Dr. Donald Vine, D.O., SFCH; SFCH staff and employees; SFCH Board of Directors. Having considered these materials, the court finds as follows.

As the factual basis for his Complaint, Mr. Gunn alleges as follows. He was in the Intensive Care Unit for emergency "cardiac care" at the St. Francis Via Christie Hospital in Wichita, Kansas, when on November 7, 2008, two Sedgwick County Sheriff's Officers came to his room while he was "undergoing procedure," took him into custody under a bench warrant, and transported him to the Sedgwick County Jail. At the time, he was restricted to bed and on narcotics, and was subject to black-outs, seizures and heart attacks. No measures were taken by "the medical staff or security" to prevent his arrest, and defendants thus failed to provide for

his safety while he was in the hands of and under contract for treatment by the defendants. Medical staff had determined that he needed heart surgery to replace a mitral valve, and the procedure was interrupted by his arrest that would have enabled him to have that open-heart surgery. At the jail, he suffered severe loss of blood from his nose and eyes for over 40 hours. He was returned by sheriff's officers in an ambulance to the St. Francis emergency room on November 9, 2008.

Mr. Gunn claims that the hospital and doctors breached their contractual duty to complete a serious medical procedure which they had prescribed and their duty to protect him while in their care, and that their neglect resulted in his loss of chance to have the open-heart surgery to replace mitral valve. He further claims that his right to privacy was violated and that the doctors and staff exhibited deliberate indifference to his need for care, placed him in imminent danger, and subjected him to involuntary manslaughter when they failed to act to deter his arrest.[1] He also claims he was subjected to cruel and unusual consequences and denial of due process. He seeks compensatory damages, damages for loss of chance, costs for open-heart surgery, and punitive damages totaling $325,000.

**SCREENING**

Because Mr. Gunn is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any

---

[1] Plaintiff's bald reference to a possible conspiracy of deliberate indifference among sheriff's deputies, the hospital and its staff is completely lacking factual support.

portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

**NO STATE ACTION**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citation omitted); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." West, 487 U.S. at 48-49. A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49. This means that the conduct must be fairly attributable to the State so that the person may be said to be a state actor. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1208 (10th Cir. 2005), cert. denied, 547 U.S. 1111 (2006).

As noted, Mr. Gunn names a hospital, its board, and its employees as defendants. He alleges no facts whatsoever indicating that any of these defendants were employees of a state agency or otherwise acting under state law. His bald statement that they were so acting does not establish that they are state actors. It

follows that Mr. Gunn fails to state a valid claim against these defendants under 42 U.S.C. § 1983.

Plaintiff is given time to show cause why this action should not be dismissed for failure to allege facts showing state action on the part of any defendant. If he fails to make a sufficient showing within the time allotted, this action may be dismissed without further notice.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff's motion for leave to proceed without prepayment of fees shall be granted based on the financial information he has provided. However, plaintiff is reminded that he will remain obligated to pay the $350.00 district court filing fee in this civil action through payments automatically deducted from his inmate trust fund account when funds become available, as authorized by 28 U.S.C. § 1915(b)(2).[2] Since plaintiff already has an outstanding fee obligation of $350.00 in <u>Rock v. State of Kansas</u>, Case No. 10-3213, funds collected from his inmate account will be applied to pay the fee in that case first, and then to the fee in this case until both fees have been paid in full.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, and he is assessed the full filing fee of $350.00 to be collected through payments

---

[2] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

4

automatically deducted from his inmate account.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed for failure to allege state action on the part of any named defendant so as to state a valid claim under 42 U.S.C. § 1983.

The clerk is directed to transmit a copy of this Order to the finance office at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
